And that will move us towards our fourth argument set for scheduled for today. Carpolo Avenue Trust v. PHH Mortgage Corporation Case No. 24-1880. Good morning. Michael Bone for Appellant. If it pleases the Court. The main issue in this case is the definition of the statute or is the interpretation of the statute that requires notice to persons with an interest in a deed of trust. The District Court decision in this case referred to the Edelstein decision which noted that MERS is the proper beneficiary of a deed of trust and as such would be entitled to notice. But the statute does not say the beneficiary of the deed of trust. It refers to a person with an interest. Your client bought the property or an interest in the property after the deed of trust foreclosure? Her client did. My client was the purchaser of the property at the HOA foreclosure sale. Okay. How much do they have in this property? Your client? I do not recall, Your Honor. What's the property worth? It was sold, well, let me, since this case occurred, actually before the property has been sold by my client, it got titled insurance, a little background, well, a couple of procedural matters. My client acquired this property in HOA foreclosure sale for substantially less than the property was worth, but it was also at a time where he was taking a chance because this was before the original SFR decision was issued when nobody really knew if the deeds of trust were going to be extinguished. So during that time period, the prices paid were lower than they are today now that the statutes have been clarified. There was litigation initiated by the homeowner in state court. The servicer of the loan or the owner of the loan at that time, well, after the foreclosure sale, seven months later is when the loan was eventually sold and an assignment of the deed of trust was made to Akwin Loan Services. That litigation was concluded. After that litigation was concluded, this case was begun in the district court. No list pendants was recorded. My client sold the property, went through escrow with fidelity title. And by the way, this isn't in the record, but I'm making these representations as an officer of the court. I don't think counsel will disagree with anything I'm saying. My client was able to convince the title company saying, look, there was litigation already. They tried to intervene in the case. They didn't. There's no list pendants recorded. They must know that they've lost. And my client got title insurance. It's since been sold. After the district court ruled in favor and said that the deed of trust stays on the property, they began foreclosure procedures. And the title company paid the loan off. My client, when he sold the property, signed an indemnity agreement. So he's still on the hook for the loan to the title company if this court would. How much was that? I think he paid 300. Well, the amount of the loan or the sale, I think it was just over $300,000 was the sale price for the property. No, but the but I thought your client was on the hook for the. If this alone. Well, he signed an indemnity agreement to the title company. The title company is the one that paid off the mortgage rather than let it go to foreclosure. How much was the mortgage that the title company paid off? Perhaps I do not know.  Perhaps counsel would know that. All right. So. You got far. Excuse me. You got far afield from the substantive question. I mean, and the issue that we have to decide, it seems to me, why isn't MERS a person of interest? Because it's not. And there's case law that says so. There's the. But what about Adelston? Excuse me. What about the Adelston case? It seems to me that we need to be looking here where this case was in diversity somehow. I'm not sure how that happened. Looking at all these facts. But the it seems to me that just Adelston case decided by the Nevada court determined that you had to give notice to a beneficial interest holder such as MERS. The statute Adelston. Adelston, Adelstine, Adelstine. Adelstine I'm very familiar with. Adelstine, if you look at footnote number seven, Adelstine was brought about because of Nevada's foreclosure mediation program involving deed of trust foreclosures. Right. This is an HOA foreclosure. Right. And the Adelstine case said that MERS is the beneficiary of the deed of trust and has to be treated as such. And Adelstine had to deal with the beneficiary is not necessarily a person with an interest. There is the First Circuit case. Well, even the Cervantes case from this court notes that they have no financial interest in the property because they don't originate, but they do not originate the loan. They don't service the loan. They do not get paid on the loan. Well, I think that's all true, but Adelstine still says they're a proper beneficiary. So apparently those factors that you just said aren't relevant or important or positive to them under Nevada law being considered the proper beneficiary. The statute does not say beneficiary. You may be correct, but Adelstine says that they are a beneficiary. But the beneficiary is not necessarily. Don't we need to follow what the highest courts who have determined this in Nevada have said? Do you agree with that? But the Adelstine case also notes in footnote number seven, and again, this was a deed of trust foreclosure from the foreclosure mediation program, and those statutes under NRS chapter 107, the foreclosure mediation statutes, say beneficiary. And the Adelstine case in footnote number seven specifically says the legislative history shows that the legislator considered the beneficiary to be the note holder. So there's the distinction there. If you look at other case law from Nevada... Okay, wait. So you're saying Adelstine came up under a different statute that required beneficiary, but this one does not require a beneficiary? What? Correct. What was the statute that was at issue in Adelstine? Because I did not understand... If you look at the original SFR case, the one that originally said, yes, HOA foreclosure distinguished a deed of trust, you look at SFR versus Bank of New York Mellon, which was decided after the Boren decision from this court that talked about the foreclosure procedures and due process, the Shadowwood case all refer to holders of security interest. Those are the persons with an interest in the deed of trust, the holders of the security interest. Again, MERS only holds bare title to the deed of trust. They are not on the note. Don't they have a legal interest, MERS? They had a legal interest. They had bare legal title as a nominee and agent for the holder of the note. Why isn't that a party in interest? Because they have no interest in the loan whatsoever or the note. The party with the interest... Come on, Nate. They have an interest in how this is processed. I mean, you seem to be making a very narrow distinction here. I mean, let's say you had notified MERS and MERS had not notified the other parties, MERS would have been on the hook. MERS has no obligation. MERS is the agent for the... Right, and if they had not... The whole point here is that MERS is going to provide notice to the lender so that they can redeem... But we gave notice to the lender already, so why... No, in a different case. No, in this case. No, but I mean a different note. I thought there were two... Okay. I thought there were two notes. One was given to MERS and one was not. MERS never gets the notes. The Edelstein case says specifically they... What happened here? I thought the whole point... Maybe it was a different case. Maybe I'm mixing it up. I thought MERS received notice for... I thought there were two different... Okay, there was a master HOA and a sub-HOA. Yes, there we go. And when the other HOA foreclosed... That's what I'm talking about. With a different foreclosure company, they gave notice to both... Well, we know they gave it to MERS who... Right, and MERS then provided notice to this... Doesn't that work against you a little bit? Not necessarily. A little bit. And I admit that it works against you a little bit. Very little. The notice was not required to be given to MERS. MERS has no interest in the loan. They're in the deed of trust. Yes. They're actually listed in the deed of trust. Correct. This is not like an assignment that was recorded in the recorder's office afterwards. They're listed in a deed of trust. They have legal title. But it's just bare legal title. It's all you need. That is the distinction. Notice was given to the lender. And the problem with MERS... And there's a lot of case law involving MERS. Notice wasn't given to the lender on the... That's my whole point. MERS isn't the lender. MERS is the beneficiary. MERS provides the notice. And if MERS got notice and then they didn't provide the notice, they'd be on the hook. That's the problem with this case. You're arguing a distinction that has no substantive relevance to how this actually works and operates in real life. I have to respectfully disagree with your honor, if I may proceed. The Culhane case out of the First Circuit said MERS holds legal title of mortgage but does not have any beneficial interest in the loan. Does Nevada law require that notice of default be given to all persons with interests subordinate to the HOA lien? Yes. And that was... Can I finish? May I finish my question? Did that happen here? It was given to Evergreen, who was listed as the lender under the deed of trust. And if you... Just while I was researching this case to prepare for the argument, if you... I did a word search on the deed of trust. The word beneficiary appears one time. The word lender appears 127 times. All the rights and duties on the deed of trust are between the borrower and the lender. MERS's name appears one time and one time only. Notices, paragraph 13 of the deed of trust, provides that notices are supposed to go to the lender at the address provided. Counsel, and I'm coming up with analogies and maybe they're not exactly appropriate. If I say, look, you've got to serve me with notice, but don't send it to me, send it to Judge Hawkins, and you don't send it to Judge Hawkins, then I don't get notice. That seems to me the problem here, the lender have sent around... I've made it clear or the statute has made it clear that there's an agent who handles all this stuff, supposedly, I guess, to make it easier. Now, that didn't make it easier in this case. This did not make it easier. But it should have. I'm drowning over here. I'm not... Yeah, I hear you. What, do you want to regroup and come back on rebuttal? I'll continue. Well, you've only got a minute and 45 seconds. Do you want to do rebuttal? Do you want to reserve for rebuttal? No, I will try to make my point. The cases, there has been no reported case that says MERS has a beneficial interest in the deed of trust. They're simply an agent. Now, notice to the agent is notice to the principal. We instead send notice directly to the principal. We send it to Evergreen. And the fact that they are using MERS and using the MERS deed of trust, and there's a maximum of law that the party that creates the contract, it's construed against them. And MERS is to been used to make things faster and cheaper for the mortgage companies. And there's case law that says that counties are losing thousands of dollars in recording fees because MERS is used. And MERS should not be permitted to use the language of the deed of trust to get around the clear language of the statute. And the statute says person with an interest. And again, under the foreclosure mediation program, the legislature presumed the beneficiary as the foreclosure mediation program to be the same as the holder of the note. And if you do look at the case law that I cited earlier, the Nevada Supreme Court repeatedly used the word holder of a security interest. A couple of cases that say beneficiary, the issue of MERS was not even mentioned in those cases. And with that, I will reserve 14 seconds for rebuttal. We'll give it to you. I'm not going to be badgered more. I mean, I respect the support. I understand. I appreciate the opportunity. I understand. Thank you. Thank you. Good morning, Your Honors. My name is Christina Miller. I represent PHH Mortgage Corporation, successive by merger to Aukwin Loan Servicing. May it please the Court. It sounds like Your Honors are very well-versed in the legal authorities at issue here, which do expressly hold that a person with interest, with an interest, must be given notice when a super priority lien, such as an HOA lien. So, yes. But he argues that in Edelstein, all that the Nevada Supreme Court held was that MERS was a proper beneficiary, but not an interest holder. And he cites to footnote seven. What's your response to that argument? Thank you, Your Honor. They are not an interest holder in regards to repayment of the loan. But in Nevada, and my apologies that we didn't flesh this out further for you in the introduction in our answering brief, because the history of mortgage loans in Nevada is important here. In Nevada, you have a promissory note and the security interest, which is the deed of trust. Both of those have separate interests. The loan owner is the holder of the note. They're entitled to be repaid their investment, the value of the loan. Here, that's Evergreen Mortgage. That was, Your Honor. That's correct. At the time of origination. Right. Separately, there is the deed of trust, the security interest, which is the right to enforce repayment. The beneficiary is the holder of that interest, the holder of the security interest. So when we're talking about interests and we're talking about NRS 107.090 subsection three, requiring notice goes to a person with an interest. That person with an interest is not the narrowly defined lender who has an interest in the note. It is any person with an interest. Let me stop here at this point. I know here that what happened is by the fact there was no notice to MERS, they didn't notify GMAC and GMAC didn't pay off the amount due to the HOA. All right. Let's suppose that Evergreen, who got the notice here, gave the notice to MERS and MERS didn't do anything. And there was a foreclosure. Would MERS owe Evergreen? I think that under that hypothetical, there definitely could be an argument made that MERS would owe the value of the loan that had been lost to Evergreen. But that also, Your Honor, assumes Evergreen still had an interest in the note, in the loan. Assuming that somebody had still, somebody still had it. Somebody had it. So perhaps under that hypothetical, if the lender at that time, if the note holder only had received notice, they gave it to MERS and then MERS did nothing with it. Perhaps hypothetically, there could be liability there. But that... Haven't the Nevada courts said that failure to substantially comply with notice requirements equals proof that in this case, they did not receive notice. That's correct, Your Honor. Yeah. If you don't substantially comply with the statutory notice requirements... Isn't that what the court found here? That there was not substantial compliance? That's correct, Your Honor. Because the notice that was required to go to MERS did not go to MERS. And that's undisputed in the record. Teal Petals does not make any argument that MERS was notified other than under the second step of the notice prejudice rule saying that notice from another source. That's Teal Petals' argument here that Evergreen somehow or another notified MERS. But there's no evidence of that in the record. That's supposition. That's conjecture, which at summary judgment is insufficient to defeat summary judgment against Teal Petals. And I'd like to point this court's attention to a very specific document in the record, which confirms Evergreen had no interest in the loan at the relevant time period. And I'm specifically referring to the notice of transfer volume three of the record at page 313. That document was heavily relied on by Teal Petals to challenge whether or not GMAC was the servicer of the loan at the relevant time period such that there was any servicing relationship with this particular loan. More specifically in regards to the bankruptcy automatic stay violation arguments. But this letter, when we actually review it closely, clearly says that as of December 8th, 2010, Evergreen notified the borrower that they were no longer going to be the lender. And if I, court's indulgence, I'm actually going to read directly from this document. It says, this letter is to advise you that effective as of December 2010, your mortgage account has been transferred to GMAC. This transfer in no way affects the terms or conditions of your loan. It further goes on to state, all subsequent payments beginning with your February 2011 payment should be sent to your new lender. And then they identify GMAC mortgage LLC as the person of contact for future payments. So as of December 2010, months before either the Triana HOA or the Southern Highlands HOA started their foreclosure proceedings, we have evidence that's undisputed in the record showing Evergreen no longer had any interest. So simply sending notice to Evergreen was no notice at all. Evergreen had no obligation to undertake any further steps to notify MERS or to notify the servicer or anybody. They had no interest in the loan. And that is exactly why notice to MERS- They hadn't settled their deed of trust. I'm sorry, Your Honor? Evergreen had not settled their deed of trust on the record. No. And by settled, are you referring to a payoff of the loan? Right. Yeah. Correct. They sold the loan. So it was transferred to a new lender. Was there an assignment on the record? No. And under Nevada law, there's no requirement to record an assignment when there's a sale of a loan, only an assignment of a transferring the beneficial interest under a deed of trust. But again, at this point in time, in early 2011, the statute that requires an assignment wasn't yet in effect. Okay. I'm having trouble trying to figure out why this argument helps your case. Why notice to MERS helps the case? No, why the fact that Evergreen sold the loan, why that helps your case? I understand, Your Honor. They didn't do anything on the record. No one outside knew that they were- that GMAC was now the owner of the loan. Right. But this happens frequently in Nevada with mortgages, is that loans behind the scenes are sold off to different investors along the way. There's no obligation to notify anyone. And that is why MERS being identified as the beneficiary is useful here because they're the ones who maintain the database, tracking beneficial interests, tracking loan servicers. They are a single point of contact who then behind the scenes forwards on notices to whoever is there. So even though Evergreen transferred their interest to GMAC, MERS at that point still had the legal interest and was still servicing the loan. It's correct that they still had the interest in that they were the beneficiary of record. MERS was never the servicer of the loan. They were the beneficiary of record. What did that mean if GMAC then owned the loan? So that means that behind the scenes, GMAC was still a member of MERS, which is why the loan remained in the MERS system. And then any notice sent to MERS would be forwarded to GMAC. I got it. Okay. And you're honest, this is really important for the second element of the Notice Prejudice Rule because once the district court had determined that there was no statutorily mandated notice to MERS, they then moved to the second step, which is was there any other actual notice from another source? And that could be Evergreen forwarding it onto MERS or forwarding it to the servicer, whoever that might be. So there's no evidence in the record that they did that. And Teal Petals points this court to a disputable presumption in Nevada, NRS 47.250, subsection 18C, which says the ordinary course of business has been followed. But we can't even reach that presumption because the underlying facts are all hypotheticals. They're all supposition and conjecture. There's no evidence in the record Evergreen was still the lender at the time. There's no evidence that Evergreen was still a member of MERS. There's no evidence that the MERS rules that Teal Petal cites to for their argument that Evergreen would have uploaded these documents in the record. There's no evidence that those terms and conditions were even in effect at the relevant 2011 to 2012 time period. Because if you actually look at that document, it's dated November of 2021. And nowhere in those terms and conditions does it actually allow a member of MERS to upload documents. In fact, subsection 10, and Your Honor, I'm looking at, my apologies, I don't have the citation in front of me, excuse me, I do. It's volume two, page 266, subsection 10. That expressly provides four methods for providing notice to MERS. None of which include uploading a document into the MERS system, because that's simply not how the MERS system works. It's a database for tracking beneficial interests and loan servicers under a loan. If they receive a notice, it's because they've received it via one of these four methods for providing notice to MERS, which includes certified and regular mailings, such that the HOA would have done here. Do you know the answer to how much is at issue here? I do, Your Honor. And I know it because the loan was just paid off. It's $237,000 and change. I can give you- And the property's worth how much? Currently, I'm not sure. I believe it is right around that value, but it just wasn't relevant to- It's around that value? I would assume it would have been a lot higher. It's an older property, Your Honor, in- This sale, the foreclosure sale, actually happened a decade ago, right? Correct. It did in 2012. And the property sold for, I think it was $5,000 and change. There is a separate argument regarding broad oppression and unfairness, which can bring about a low value, but that wasn't brought before the lower court. It's not on appeal here. It's simply one- The teal petals, I guess they got some benefit here because they have to pay this value off 10 years later, but they got to keep that $200,000 for 10 years. Or is there interest that accrues? I don't know. I don't know if they've received interest on it. I would assume because they are a for-profit professional property purchaser that they, during their time of ownership, rented the property out, received rental income. We don't know. We don't know that. That's correct, Your Honor. It's not in the record. Right. And it's not in the record either before you that no payments were made on the loan until the loan was paid off last month. How much was the HOA owed? The HOA was owed, I think it was $5,500, the actual sale price. I don't think there was competitive bidding here. So that would have been an opening bid that sold to the original Corpolo Avenue Trust. That was the upset price, right? Correct. That was the upset price? Yeah, the foreclosure price. Correct, Your Honor. So a couple other points I'd like to make quickly before my time runs out. The third element, which of the notice prejudice rule is prejudice. Teal Petals argues here there wasn't any prejudice, but this is an incredibly unique case where the court has an undisputed record before it showing that had notice been provided to MERS, MERS would have forwarded it to GMAC. GMAC would have contacted the foreclosing HOA and they would have not only paid the super priority portion, but the entirety of the lien to protect the deed of trust. The resources group opinion from the Nevada Supreme Court expressly tells us that that type of lack of notice and inability to cure, compromise or otherwise challenge the HOA's lien is the exact type of prejudice to a deed of trust holder such as MERS and subsequently GMAC is the loan servicer and owner of the loan, which falls within the category of prejudice here. I'm not sure if Your Honors are willing to consider the automatic stay violation argument. It was presented to the district court in PHH's motion for summary judgment. The district court acknowledged it, but did not actually rule on it. So on that basis, we ask that the court doesn't consider it. However, as part of your de novo review, should you wish to consider it, we do still believe that there was an automatic stay violation here. GMAC mortgage is clearly identified in the undisputed record as being at a minimum the loan servicer and pre-petition contract rights such as the right to service a loan and to enforce the terms of that loan through the deed of trust were in effect, were in GMAC mortgage's name as the HOA chose to send out foreclosure notices and subsequently foreclose on its interest. They did exercise a control. But wouldn't a violation of the automatic stay make it voidable and not void? No, Your Honor. It becomes void ab initio is what, and that is from the In re Schwartz case from this court in 1992. It's 954 F second 569. And the Ninth Circuit in that case said acts taken in violation of the automatic stay avoid ab initio not voidable and it's self-executory. So we don't even need to come to court to make this argument to have the court rule on it. It happens as a matter of fact upon proof that there was an automatic stay violation. Okay, thank you. Thank you, Your Honors. You've got 14 seconds. 13, sorry. Let me just say, ouch. There's, you know, the promissory note was not in the record to show when and if the loan was transferred to anyone. I have five seconds left. I've been practicing for 40 years. I'm going to semi-retirement in one month, but at least on my office is up. I'm going to be working from home. I've always enjoyed oral arguments, even when I get beat up on. And I thank you for your time today. Thank you. Thank you to both counsel for your arguments today. The case is now submitted and that concludes our arguments for today's session.
judges: HAWKINS, Fisher, NELSON